## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt)

| | |
|---|---|
| **DAWUD J. BEST** <br> 5800 Carlyle St. <br> Cheverly, MD 20785 <br><br> *Individually and on Behalf of a* <br> *Class of Persons Similarly Situated* <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL NATIONAL MORTGAGE** <br> **ASSOCIATION aka Fannie Mae** <br> **Serve:** Tim Mayopoulos <br> 3900 Wisconsin Avenue NW <br> Washington, DC 20016 <br><br> Defendant, <br><br> **CAPITAL ONE, NAT'L ASSOC.** <br> **Serve:** CSC-Lawyers Incorp. Srvc. Co. <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202 <br><br> Defendant, <br><br> **BROCK & SCOTT, PLLC** <br> **Serve:** Corp Trust Inc. <br> 351 W. Camden St. <br> Baltimore, MD 21201 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> CIVIL ACTION NO._____ <br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Dawud J. Best, sues the defendants Fannie Mae ("FNMA"), Capital One, National Association ("Cap One") and Brock & Scott, PLLC ("B&S"), and in support thereof alleges the following:

## PRELIMINARY STATEMENT

Case 8:17-cv-00314-GJH   Document 1   Filed 02/02/17   Page 2 of 10

1.    This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code §14-201 ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code §13-301 ("MCPA").

## PARTIES

2.    The Plaintiff is a natural person and resides in Cheverly, Maryland.

3.    FNMA is the largest purchaser of mortgage loans in the nation.

4.    B&S is a law firm specializing in the collection of mortgage debts.

5.    Cap One is a financial institution that specializes in credit cards, home loans, auto loans and banking products.

## FACTS

6.    Mr. Best owns the "Property" located at 5800 Carlyle Street in Cheverly, MD.

7.    The Property was financed via a Note that was secured by a deed of trust.

8.    Cap One claimed to have acquired the Note and claimed to be the servicer of the loan for the loan owner, Federal National Mortgage Association.

9.    In February 2016 Defendant B&S sent correspondence to Plaintiff wherein B&S claimed that Plaintiff owed a debt of $464,376.55 and that Cap One was the creditor or the loan owner to whom the debt was owed.

10.    Cap One *never* notified Best that it had acquired the ownership of his loan.

11.    Either B&S's representation that Cap One was the loan owner was false or Cap One failed to comply with TILA, which requires a new owner of a loan to notify the debtor of the change of ownership.

12.     Also, at the time that B&S sent this correspondence, Cap One had not appointed B&S the trustee of Plaintiff's deed of trust and therefore B&S had no rights in the deed of trust.

13.     Despite not being the trustee and having no rights in the deed of trust, B&S represented that it *could* foreclose on the Property.

14.     B&S knew that it was not the trustee and had no rights in the deed of trust, including the right to foreclose, but nevertheless B&S made the representation that it did have rights to foreclose on the Property.

15.     Within thirty days of receiving B&S's correspondence, Mr. Best sent B&S a letter disputing the validity of the debt and/or requesting verification of the debt.

16.     B&S did not respond to Plaintiff's request for validation and verification of the debt until August 2016.

17.     Despite failing to attempt to verify and/or validate the debt for 5 months, B&S continued its foreclosure efforts during the time period immediately following Best's submission of his request for validation and verification of the debt.

18.     After receiving Mr. Best's request for verification of the debt and prior to verifying that debt, B&S filed a foreclosure action, threatened to sale the Property and served the foreclosure the Plaintiff with the foreclosure action. All of these actions were taken during the month of March. Specifically, B&S filed the foreclosure action on March 8, 2016, mailed a letter threatening a foreclosure sale on March 11, 2016, and served the Plaintiff with the foreclosure action on March 20, 2016.

19.     Under Maryland law the *soonest* possible date that B&S could hold a foreclosure sale on the Property was May 4, 2016, which was 45 days *after* the date that Best was served with the foreclosure action on March 20, 2016.

3

20.     Although B&S was prohibited from collecting on the debt during the time following B&S's request for verification of the debt and B&S's verification of the debt, B&S made at least three separate collection attempts on the debt during that time period.

21.     Additionally, despite having no right to conduct a foreclosure sale prior to May 4, 2016, B&S sent correspondence on or about March 11, 2016 that misrepresented that it could hold a foreclosure sale 45 days after March 11, 2016, which was April 25, 2016.

22.     B&S's misrepresentations caused Best, or would have caused the least sophisticated consumer, to be confused as to who owned his loan and further caused him to expend resources trying to discover the identity of the owner.

23.     B&S misrepresentations caused Best, or would have caused the least sophisticated consumer ("LSC"), to be confused as to when his Property could be sold at a foreclosure sale and affected Best's, or LSC, decisions and/or actions regarding the debt.

## CLASS ACTION ALLEGATIONS

24.     First Proposed Class Definition: Each MD resident who was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that it had rights to foreclose (4) prior to B&S being appointed the trustee.

25.     First Proposed FDCPA Sub-Class Definition: Each Maryland resident who, within one year immediately preceding this civil action, was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that it had rights to foreclose (4) prior to B&S being appointed the trustee.

26.     First Proposed MCDCA/MCPA Sub-Class Definition: Each Maryland resident who, within three years immediately preceding this civil action, was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that it had rights to foreclose (4) prior to B&S being appointed the trustee.

4

27.    Second Proposed Class Definition: Each MD resident who was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that threatened to hold a foreclosure sale within 45 days of the date of the letter (4) prior to B&S serving the owner-occupant with the foreclosure action.

28.    Second Proposed FDCPA Sub-Class Definition: Each Maryland resident who, within one year immediately preceding this civil action, was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that threatened to hold a foreclosure sale within 45 days of the date of the letter (4) prior to B&S serving the owner-occupant with the foreclosure action.

29.    Second Proposed MCDCA/MCPA Sub-Class Definition: Each Maryland resident who, within three years immediately preceding this civil action, was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that threatened to hold a foreclosure sale within 45 days of the date of the letter (4) prior to B&S serving the owner-occupant with the foreclosure action.

30.    Third Proposed Class Definition: Each MD resident who was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that Capital One was the creditor (4) when FNMA was the creditor.

31.    Third Proposed FDCPA Sub-Class Definition: Each Maryland resident who, within one year immediately preceding this civil action, was (1) an owner-occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that Capital One was the creditor (4) when FNMA was the creditor.

32.    Third Proposed MCDCA/MCPA Sub-Class Definition: Each Maryland resident who, within three years immediately preceding this civil action, was (1) an owner-

occupant of residential property in the state of Maryland that (2) received a letter from B&S (3) representing that Cap One was the creditor (4) when FNMA was the creditor.

### *Numerosity*

33.     On information and belief, the Class is so numerous that joinder of all members is impracticable. The names and addresses of class members are identifiable through documents maintained by the Defendant, and the class members may be notified of the pendency of this action by published and/or mailed notice. Although the precise number of Class members is known only to Defendant, Defendant handles hundreds if not thousands of foreclosure cases for various mortgage lenders, and Plaintiff estimates that class size numbers in the hundreds, if not thousands.

### *Common Questions Of Law And Fact*

34.     Common questions of law and fact to the Plaintiff and the Classes, include:

(a)     Whether a law firm attempting to enforce the deed of trust is a debt collector as that term is defined by the FDCPA and MCDCA;

(b)     Whether a law firm has rights or interest in a deed of trust prior to being appointed a trustee or substitute trustee of the deed of trust;

(c)     Whether a foreclosure sale can be scheduled prior to 45 days after the mortgagor is served with the foreclosure order to docket;

(d)     Whether Cap One or FNMA was the creditor of the debt;

(e)     Whether a misrepresentation of rights in the deed of trust is a violation of a provision of the FDCPA and MCDCA;

(f)     Whether threatening to hold a foreclosure sale within a prohibited time frame is a violation of a provision of the FDCPA and MCDCA; and

(g)     Whether identifying the wrong entity as the creditor of the debt is a violation of a provision of the FDCPA.

*Typicality*

35.     Mr. Best's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same cause of actions.

***Adequacy Of Representation***

36.     The Plaintiff is an adequate representative of the class because his interests coincide with interests of the members of the classes he seeks to represent; he will retain counsel that is competent and experienced in litigation; and he will prosecute this action vigorously. Neither the Plaintiff nor his counsel will have any interests which might cause him not to vigorously pursue this claim. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

37.     Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device

will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

**COUNT ONE: VIOLATIONS OF FDCPA**

38.     Plaintiff incorporates paragraphs 1 - 37 by reference.

39.     Defendant B&S violated 15 U.S.C. §1692e during its debt collection attempts by misrepresenting it had legal rights in the deed of trust for the Named Plaintiff's and the First B&S FDCPA Sub-Class before it was appointed the substitute trustee.

40.     Defendant B&S violated 15 U.S.C. §1692e by misrepresenting it could schedule a foreclosure sale of the Named Plaintiff's and Second B&S FDCPA Sub-Class' properties before 45 days elapsed after B&S served the mortgagors with the foreclosure order to docket.

41.     Defendant B&S violated 15 U.S.C. §1692g by failing to identify the creditor of the debt within five days of its initial communication with the Named Plaintiff and the Third FDCPA Sub-Class.

42.     As a result of the conduct of the Defendant, Plaintiff suffered actual damages including, pecuniary expenses, fear, anxiety, frustration, anger and other emotional distress, which led to the manifestation of physical injuries, such as headaches, sleeping problems, depression, stomach sickness and vision difficulty.

43.     As a result of the conduct of the Defendant, the members of the Classes Plaintiff suffered actual damages including, pecuniary expenses and emotional distress.

44.     Defendant's conduct was the proximate cause of Plaintiff's and the members of the Classes' injuries, rendering Defendant liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), liable for statutory damages to

in an amount of $100 - $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable costs and attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATIONS OF MCDCA & MCPA

45.     Plaintiff incorporates paragraphs 1 - 44 by reference.

46.     Defendant B&S violated MCDCA, §14-202(8) by claiming a right to enforce the Deed of Trust against the Named Plaintiff and First FDCPA Sub-Class when B&S knew it was not the trustee and had no rights or interest in the Deed of Trust(s).

47.     Defendant B&S violated MCDCA, §14-202(8) by threatening to send a notice of foreclosure sale when B&S knew it could not schedule a foreclosure sale of the Named Plaintiff's and B&S MCDCA/MCPA Sub-Class' properties.

48.     Under the doctrine of respondeat superior Cap One and/or Fannie Mae are responsible for the acts of its agent, B&S, and is liable to the Plaintiff and MCDCA/MCPA Sub-Class for B&S's illegal claims and threats in violation of MCDCA, §14-202(8) as stated immediately above in paragraphs 45 & 46.

49.     As a result of the conduct of the Defendants, Plaintiff and both the B&S and MCDCA/MCPA Sub-Classes suffered actual damages.

50.     Defendants' violations of MCDCA §14-202(8) also constitute violations of the MCPA, §13-301(14)(iii).

51.     Defendants' conduct were the proximate cause of the Plaintiff's and B&S and MCDCA/MCPA Sub-Classes' injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203 and MCPA, §13-408(a) and for attorney's fees pursuant to MCPA, §13-408(b).

## COUNT THREE: VIOLATIONS OF TILA

52.     Plaintiff incorporates paragraphs 1 - 51 by reference.

53.     Defendant B&S claims that Cap One acquired the ownership of Plaintiff's loan in February 2016.

54.     Defendant Cap One violated TILA, 15 U.S.C. §1641(g)(1) by failing to provide Plaintiff with notice of its acquisition of ownership.

55.     Cap One's violations caused Plaintiff to expend money sending letters to the defendants to request the information, and endured anxiety, frustration and other mental and emotional distress wondering who owns his loan.

56.     As a result of the aforesaid TILA violations, Defendant Cap One is liable for actual damages, 15 U.S.C. §1640(a)(1); statutory damages, §1640(a)(2)(A)(iv); reasonable attorney fees and litigation costs, §1640(a)(3).

### JURY DEMAND

57.     Mr. Best demands a trial by jury on behalf of himself and the Classes.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the proposed Class;
(b) Actual damages to Plaintiff and the MCDCA/MCPA Sub-Classes;
(c) Statutory damages to Plaintiff and FDCPA Sub-Classes;
(d) Actual damages of $50,000 to Plaintiff for Count I;
(e) Statutory damages of $4,000 to Plaintiff for Count III;
(f) Actual damages of $10,000 to Plaintiff for Count III;
(g) Approval of a $25,000 incentive award for the Named Plaintiff;
(h) Award reasonable attorney's fees and costs; and
(i) Any such other relief the Court deems just, equitable and proper.

Respectfully submitted,

Dawud J. Best
5800 Carlyle Street
Cheverly, Maryland 20785
Telephone: (202) 425-8163