IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAWUD J. BEST,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
  ASSOCATION, *et al.*

    Defendants.

Case No.: GJH-17-314

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro Se* Plaintiff Dawud J. Best brings this action against Defendants Federal National Mortgage Association ("Fannie Mae"), Capital One, Nat'l Assoc. ("Capital One"), and Brock & Scott, PLLC ("B&S" and, collectively, "Defendants") related to Defendants' attempt to collect a debt and foreclose upon Plaintiff's property in Cheverly, Maryland. A number of dispositive motions are currently pending before the Court: Defendants' Motion to Dismiss, ECF No. 14; Plaintiff's Motion to File First Amended Complaint Without Leave, ECF No. 16; Defendants' Motion to Strike and Stay, ECF No. 18; Plaintiff's Cross Motion for Summary Judgment, ECF No. 19; and Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 24. A motions hearing was held on December 4, 2017. Loc. R. 105.6 (D. Md. 2016).

For the following reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is granted, Defendants' Motion to Strike and Stay is denied, and the remaining motions are denied as moot.

1

## I. BACKGROUND[1]

Plaintiff filed his initial Complaint on February 2, 2017, bringing claims under the Fair Debt Collection Practices Act (Count One), Maryland Consumer Debt Collection and Maryland Consumer Protection Acts (Count Two), and the Truth in Lending Act (Count Three) on behalf of himself and a class. ECF No. 1. Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 14. On May 10, 2017, Plaintiff filed a Motion to File First Amended Complaint Without Leave in accordance with Rule 15(a)(1)(B) whereby he removed his class action and added claims under the Fair Credit Reporting Act (Count Four), Equal Credit Opportunity Act (Count Five), and Real Estate Settlement Procedures Act (Count Six). ECF No. 16-2. Five days later, Plaintiff filed a Corrected First Amended Complaint whereby he revised the allegations made in his First Amended Complaint and increased his demand for compensatory and punitive damages. ECF No. 17-1.

Defendants move to strike Plaintiff's Corrected First Amended Complaint and move to stay the action until the Court resolves concerns that non-attorney Thomas Alston drafted Plaintiff's filings with the Court and engaged in the unauthorized practice of law. ECF No. 18. Plaintiff responded to this motion and filed a Cross Motion for Summary Judgment. ECF No. 19. Finally, on October 13, 2017, Plaintiff filed a motion for leave to file a Second Amended Complaint seeking to add facts describing his related Chapter 7 bankruptcy action. ECF No. 24; *see also* In re Dawud J. Best, Case No. 16-25664 (Bankr. D. Md.), filed Nov. 29, 2016.

---

[1] Plaintiff's Complaint raises a number of allegations implicating violations of statutory protections that shield debtors and consumers from abusive debt collection and credit reporting practices. However, because the Court will not address the merits of Plaintiff's underlying claims at this time, Plaintiff's allegations are not repeated herein.

## II. DISCUSSION

### A. Unauthorized Practice of Law

Defendants contend that Thomas Alston, a non-attorney, was the true author of Plaintiff's filings and point to a number of facts highly suggestive of Alston's involvement in this matter. ECF No. 18-2 at 5. For example, Plaintiff was previously a *pro se* plaintiff in a lawsuit filed by Kimberly Alston, Thomas Alston's sister, *Bey, et al. v. Midland Credit Management, Inc., et al.*, 8:15-cv-1329-GJH (D. Md.), and his Complaint herein has many of the hallmarks of prior complaints filed by Alston, including the threat of a class action brought by a *pro se* plaintiff, which is impermissible. *See* ECF No. 18-2 at 6 (citing *Alston v. TransUnion*, No. GJH-16-491, 2017 U.S. Dist. LEXIS 17031, at *2 (D. Md. Feb. 1, 2017)). Defendants also point to a residential contract of sale that Plaintiff submitted to Capital One, purported to be an offer from TAJ Properties LLC to purchase Plaintiff's property as a short sale. *See* ECF No. 26 at 7. Thomas Alston signed the contract on behalf of TAJ Properties. ECF No. 26-1. According to Defendants, the residential contract of sale is further proof of Thomas Alston's involvement in this matter and indicates that Plaintiff's claims relating to any obligations owed to him by Capital One in considering this sale for purposes of loss mitigation are brought in bad faith. ECF No. 26 at 6.

The Court is mindful of the multitude of lawsuits filed in this District by Thomas Alston, members of his family, and other *pro se* plaintiffs that have raised concerns about Thomas Alston's alleged unauthorized practice of law. *See, e.g., Letren v. Trans Union, LLC*, No. PX 15-3361, 2017 U.S. Dist. LEXIS 150056, at *17 n.7 (D. Md. Sept. 15, 2017); *Alston v. Orion Portfolio Servs., LLC*, No. PJM 16-3697, 2017 U.S. Dist. LEXIS 28767 (D. Md. Mar. 1, 2017). The Court granted Defendants' request for hearing for precisely this reason.

3

Plaintiff maintains that while he did review a number of publicly-available complaints filed by Thomas Alston before judges in this District, Plaintiff affirmatively stated to the Court that Thomas Alston neither advised nor assisted him at any time. Plaintiff further maintains that the residential sale contract signed by Thomas Alston was the product of an arms-length transaction. ECF No. 29 at 5. Based on the facts presented to the Court at this time, the Court, while concerned, cannot conclude that Thomas Alston engaged in the unauthorized practice of law, and Defendants' motion to strike and stay is therefore denied.[2]

### B. Lack of Subject-Matter Jurisdiction

Defendants argue that Plaintiff lacks standing to bring this action because the claims are part of Plaintiff's bankruptcy estate and can only be raised by the bankruptcy trustee. ECF No. 14-2 at 8.[3] Under federal law, a bankruptcy estate is generally comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," including pre-petition causes of action, *i.e.*, those that accrued before debtors filing for bankruptcy. *See* 11 U.S.C. § 541(a)(1); *Nat'l American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999). However, a plaintiff regains standing to bring pre-petition claims if those claims are abandoned or exempt from the estate. *Nat'l American Ins. Co.*, 187 F.3d at 441; *see also Musari v. Loans*, No. PWG-15-3028, 2016 WL 4124227, at *4 (D. Md. Aug. 3, 2016) (citing *Schlotzhauer v. Morton*, 119 A.3d 121, 123 (Md. Ct. Spec. App. 2015) (only bankruptcy trustee may bring claims within estate unless (i) "the trustee abandons the [claims]" or (ii) "the

---

[2] The denial of the motion is without prejudice to Defendants raising the issue again should more information about Mr. Alston's involvement arise. At the hearing, Defendants indicated that Thomas Alston has avoided their attempts to personally serve him with a subpoena in order to allow the Court to question him directly. If appropriate, discovery and an evidentiary hearing involving Mr. Alston may be permitted.

[3] The existence of subject matter jurisdiction must be addressed as a threshold issue before reaching the merits of a case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). In considering a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited to the pleadings, and may consider other relevant evidence without converting it to a motion for summary judgment. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003).

4

bankruptcy court declares them to be exempt from creditor claims.")). Such claims are abandoned if they are listed on debtor's schedule of property and have not been administered when the bankruptcy case closes. *See* 11 U.S.C. § 554(c); *see also Ahteshamuddin v. Residential Credit Solutions*, No. WMN-11-854, 2011 U.S. Dist. LEXIS 103578 (D. Md. Sept. 14, 2011) (dismissing foreclosure challenge for lack of subject matter jurisdiction because plaintiff lacked standing to bring a claim that was not scheduled during a Chapter 7 bankruptcy and was never abandoned by the trustee).

In listing these claims on the debtor's schedule of property, a debtor must "do enough itemizing to enable the trustee to determine whether to investigate" the claims and pursue them on behalf of the estate. *See Nicholas v. Green Tree Servicing*, No. TDC-15-1297, 2016 U.S. Dist. LEXIS 39162, at *8 (D. Md. Mar. 25, 2016) (citing *Donarumo v. Furlong*, 660 F.3d 81, 87 (1st Cir. 2011)). Defendants argue that Plaintiff's claims were not properly abandoned because they accrued prior to filing for bankruptcy and were not scheduled before Plaintiff's bankruptcy was discharged. ECF No. 14-2 at 9–10. However, Plaintiff moved to re-open his bankruptcy action after filing his Complaint in this Court, *see* Bankruptcy Case ECF No. 63, and the Bankruptcy Court granted Plaintiff's motion "for the limited purpose of permitting Debtor(s) to ADD PERSONAL PROPERTY AND PRE-PETITION CREDITORS." *See* Bankruptcy Case ECF No. 64. Thereafter, Plaintiff filed amended schedules disclosing, as an exempt asset, claims in the amount of $340,000 for "FDCPA, MDCA, MCPA & TILA violations." *See* Bankruptcy Case ECF No. 66 at 10, 14.

Defendants do not suggest that Plaintiff's disclosure of his pre-petition claims lacked the requisite detail necessary to enable the bankruptcy trustee to bring the claims on behalf of the estate if it chose to do so. *See* Bankruptcy Case ECF No. 60 (U.S. Trustee acknowledging

5

Plaintiff's claims as described in the amended schedule and requesting the bankruptcy court to reappoint trustee to "review and investigate the Claim and Debtor's claimed exemptions; determine the estate's interest; and, take necessary steps to administer property"). Nor do Defendants argue that Plaintiff may not re-open his bankruptcy action to amend his schedule of property for the express purpose of retaining standing to bring these pre-petition claims on his own. *Cf. Musari*, 2016 WL 4124227, at *8 (dismissing pre-petition claims subject to plaintiff being "permitted to file a motion in bankruptcy court to reopen her bankruptcy case and amend her schedule of exemptions"). Therefore, because the amended schedule included the pre-petition claims, and the bankruptcy case was closed without any objection or action by the trustee, the claims were both exempt and properly abandoned, and the Court has subject matter jurisdiction to hear them now. *See Wissman v. Pittsburgh Nat. Bank*, 942 F.2d 867, 870 (4th Cir. 1991) (citing 11 U.S.C. § 522(l) ("[u]nless a party in interest objects, the property claimed as exempt . . . is exempt")).[4]

### C. Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after service of a motion under Rule 12(b). Thereafter, a plaintiff may amend his Complaint with consent from the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires," *id.*, but such a motion can be denied if it has been unduly delayed or where allowing the amendment would unduly prejudice the non-movant. *See Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987).

---

[4] Because the Court finds that the claims were properly abandoned, the Court will not consider Plaintiff's arguments that it should either substitute the bankruptcy trustee as the plaintiff in this action or separate Plaintiff's Complaint into pre-petition and post-petition claims. See ECF No. 19 at 2–3.

6

While Defendants concede that Plaintiff's First Amended Complaint was timely filed, they argue that Plaintiff's Corrected First Amended Complaint did not "correct" a technical error but is in fact an entirely new complaint. ECF No. 18-2 at 3. In response, Plaintiff maintains that he inadvertently filed an incorrect draft of his complaint as his First Amended Complaint and filed the Corrected First Amended Complaint, just five days later, after discovering his error. ECF No. 19 at 1.

As an initial matter, because Plaintiff's First Amended Complaint was timely filed, Defendants' Motion to Dismiss is denied as moot. The Corrected First Amended Complaint did not raise additional causes of action or legal theories not otherwise presented in the First Amended Complaint and the fact that it was filed five days after the First Amended Complaint suggests Plaintiff's representation regarding an inadvertent filing is credible. More importantly, however, concerns regarding the First Amended Complaint, corrected or not, are mooted by Plaintiff's Motion for Leave to file a Second Amended Complaint. ECF No. 24. Defendants' Opposition to that motion focuses entirely on claims that the Court lacks subject matter jurisdiction and that Plaintiff is operating in bad faith due to Thomas Alston's alleged involvement. As the Court has already addressed these issues, Plaintiff's Motion for Leave to File a Second Amended Complaint is Granted. The Second Amended Complaint is now the operative complaint.[5]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File an Amended Complaint, ECF No. 24, shall be granted. Defendants' Motion to Strike and Stay, ECF No. 18 shall be denied. The remaining motions shall be denied as moot. *See* ECF Nos. 14, 16, 19.

---

[5] Plaintiff's Motion for Summary Judgment is denied as moot based on the filing of an Amended Complaint.

7

A separate Order follows.

Dated: December 21, 2017

GEORGE J. HAZEL
United States District Judge